NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1738
_____

UNITED STATES OF AMERICA

v.

JORGE ALDEA,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 03-cr-00014-002
(Honorable Stewart Dalzell)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2011

Before:  SCIRICA, SMITH and JORDAN, *Circuit Judges*.

(Filed: November 10, 2011)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Aldea appeals from an order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253.  We will affirm.

I

Aldea was involved in a conspiracy to distribute hundreds of kilograms of cocaine from 1995 through 1999. The drugs were obtained from New York City and other areas outside of Philadelphia and distributed within Philadelphia. The indictment included allegations Aldea took delivery of two separate shipments of cocaine - approximately 300 kilograms and 351 kilograms - and stored them until they could be distributed. Aldea, as one of the conspirators, was responsible for transporting and counting the hundreds of thousands of dollars in resulting drug proceeds.

Aldea was convicted of conspiracy to distribute in excess of five kilograms of cocaine under 21 U.S.C. § 846. The District Court sentenced defendant to 280 months imprisonment, five years of supervised release, a $3,000 fine, and $100 in special assessments. Defendant appealed and on March 15, 2006, we affirmed his conviction but remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Aldea*, 174 Fed. Appx. 52 (3d Cir. 2006). Aldea was resentenced on October 6, 2006 to 240 months imprisonment in addition to the remaining terms of his original sentence. Defendant again appealed. We affirmed the District Court's judgment on May 15, 2008.

Defendant then filed a motion for relief under 28 U.S.C. § 2255 arguing his counsel was ineffective for forcing him to choose between his right to testify on his own behalf and his constitutional right to counsel. Finding no denial of a constitutional right, the District Court declined to issue a certificate of appealability.

Defendant appealed and filed a request for a certificate of appealability under Fed. R. App. P. 22(b). We granted a certificate of appealability limited to the following question: Did the District Court err in rejecting on the merits Appellant's claim that trial counsel rendered ineffective assistance by coercing Appellant to waive his right to testify in his own defense?

Our review over the legal component of a claim for ineffective assistance of counsel is plenary while underlying facts are reviewed for clear error. *See United States v. Smack,* 347 F.3d 533, 537 (3d Cir. 2003).

## II

To establish a claim of ineffective assistance of counsel, Aldea must demonstrate both that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to satisfy the familiar two-prong *Strickland* test, he must establish counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Counsel cannot be ineffective for failing to raise meritless claims, and counsel's strategic choices are reviewed with a strong presumption of correctness. *See Sistrunk v. Vaughn,* 96 F.3d 666, 670 (3d Cir. 1996).

The District Court conducted an evidentiary hearing and heard testimony from Aldea and his trial counsel. After weighing the credibility of the witnesses, the court concluded that counsel did not coerce Aldea into waiving his right to testify. Throughout trial preparation, the court found Aldea was informed of his right to testify and made the

3

ultimate decision on whether to testify. As Aldea admitted on cross-examination, "[b]asically, at the end, yeah, it was my decision [not to testify] … ." Therefore, the District Court found as fact Aldea's counsel "did not overbear Mr. Aldea's will" to testify and "there was nothing here that occurred with respect to the exquisitely-difficult question of whether to testify or not to testify that runs afoul of Strickland versus Washington."

We review factual findings for clear error, and find none here. Credibility findings are entitled to deference. *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985). On the crucial issues, the court credited trial counsel's account, not Aldea's. And the court found counsel's assessments of trial strategy realistic and not coercive. Other than asserting that counsel forced him to either testify or find new counsel, Aldea points to nothing that would undermine the court's credibility findings. We see no error, let alone clear error.

At the end of the government's case-in-chief, counsel recommended Aldea not testify. Counsel's advice in this case not to testify did not infringe on Aldea's constitutional rights. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The District Court found Aldea was aware of his right to testify evidenced by his weeks of preparation with and without counsel. At trial, counsel attempted to undercut the government's case, undermining key witnesses during cross-examination, presenting a witness contradicting the government's evidence, and presenting a character witness. Counsel advised Aldea not to testify because the risk of

4

exposing him to cross-examination and the risk in explaining a gunshot wound to his arm were too great. Aldea never alerted the court of his desire to testify. As a result, the court found Aldea was aware of his right to testify, understood counsel's rationale for not calling him as a witness, and failed to raise with the court his desire to testify. We agree with the court's finding that this was a "knowing and intelligent waiver" of his right to testify. Counsel's conduct was not deficient under *Strickland*.

Even if Aldea satisfied the first part of the *Strickland* test, his claim would still fail for lack of prejudice. To establish prejudice, a defendant must demonstrate a reasonable probability the result would have been different but for counsel's ineffectiveness. A reasonable probability is "one 'sufficient to undermine confidence in the outcome.'" *United States v. Gray,* 878 F.2d 702, 710 (3d Cir. 1989) (quoting *Strickland,* 466 U.S. at 694). We consider the totality of the trial evidence in our prejudice evaluation as "'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id.* at 711 (quoting *Strickland,* 466 U.S. at 696).

Nowhere does Aldea show how his testimony would have changed the result of the proceeding. While it is true the ability of a defendant to testify at his own trial is "inherently significant," *Nichols v. Butler*, 953 F.2d 1550, 1553 (11th Cir. 1992), the court implicitly found Aldea's testimony would not have undermined the verdict. While Aldea claims his testimony would have contradicted the testimony of the government's witnesses, the District Court found counsel had "subjected Cruz and Sanabria to searching cross-examination" and counsel "had not just laid a glove on these cooperators,

5

but hit them pretty hard." Besides his "searching" cross-examination, the record shows counsel called Aldea's sister to testify to demonstrate the vehicle claimed to be used in the drug deal was too large to fit within the garage clearance. Counsel also called Aldea's employer, who testified as a favorable character witness. The District Court found that if Aldea had taken the stand, he would have been subjected to cross-examination and would have had to explain a gunshot wound to his arm. Accordingly, we agree that Aldea has failed to show that if he had testified, the outcome of the trial would have been different.

III

For the foregoing reasons, we will affirm the court's judgment denying Aldea's § 2255 motion.