CLD-233                                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1550
_____

UNITED STATES OF AMERICA

v.

JORGE ALDEA,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:03-cr-00014-002)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2017
Before:  SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed: May 18, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Jorge Aldea is serving a sentence of 240 months' imprisonment after being

convicted in November 2003 on one count of conspiracy to distribute five-plus kilograms

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of cocaine.  In October 2016, Aldea filed a pro se motion under Fed. R. Crim. P. 6(e), to obtain records related to the grand jury proceedings that led to his indictment.

Aldea argued that he needs the records to show that the grand jury heard no evidence connecting him to a shipment of 351 kilograms of cocaine in the fall of 1997 (an overt act alleged in the indictment).[1]  That omission, Aldea claimed, demonstrates that he was "convicted and sentenced for a crime that [he] did not commit."  Aldea attached to his motion an excerpt of grand jury testimony from Harry Sanabrian, a co-conspirator who became a government witness.[2]  It appears that, in testifying about the 351-kilogram shipment, Sanabrian made no reference to Aldea.  It also appears, though, that Sanabrian plainly implicated Aldea as a participant in a separate, earlier drug transaction involving approximately 300 kilograms of cocaine stashed in a vehicle in Montgomery County, Pennsylvania.

The District Court denied Aldea's motion.  This timely appeal followed.[3]

Grand jury proceedings are supposed to remain secret.  See United States v. Procter & Gamble, 356 U.S. 677, 682 (1957).  But a court "may" authorize disclosure of grand jury records that would reveal a viable ground for the defendant to dismiss the

---

[1] In the District Court, Aldea requested the grand jury record "in its entirety."  On appeal, he narrowed the request to documents in any of seven categories, many of which appear to be irrelevant to the argument set forth in Aldea's motion.

[2] Based on the relief sought with his Rule 6(e) motion, we will assume that Aldea has in his possession copies of only a limited amount of recorded grand jury material.

[3] We have jurisdiction under 28 U.S.C. § 1291.  The District Court's order is reviewed for abuse of discretion.  United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

indictment. Fed. R. Crim. P. 6(e)(3)(E)(ii). To satisfy Rule 6(e)(3)(E)(ii), the defendant has to show a "particularized need" for the records sought, one "which outweighs the public interest in secrecy." McDowell, 888 F.2d at 289. Any disclosure should be tailored to those competing private and public interests, and to "the ends of justice." Id.

We will summarily affirm the order of the District Court because this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. For the reasons we highlight below, Aldea failed to satisfy the standard for disclosure under Rule 6(e)(3)(E)(ii). The District Court thus did not abuse its discretion in denying his motion.

A defendant will not succeed in dismissing an indictment on grounds that it is unsupported by adequate or competent evidence, see Costello v. United States, 350 U.S. 359, 361-64 (1956), the very tactic Aldea appears to contemplate if he were to obtain the grand jury records he seeks. More acutely, even accepting as true Aldea's hypothesis— that the grand jury heard no evidence supporting the indictment's allegation that Aldea "took delivery of a shipment of approximately 351 kilograms of cocaine" in the fall of 1997[4]—the purported inaccuracy of that allegation did not result in any prejudice. See Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988) (to dismiss an indictment for errors in grand jury proceedings, defendant must show errors were prejudicial).

We have previously observed that the indictment in Aldea's case alleged that he "took delivery of two separate shipments of cocaine – approximately 300 kilograms and 351 kilograms – and stored them until they could be distributed." United States v. Aldea,

---

[4] Aldea provided us with an excerpt from the original indictment, filed in January 2003 (which we have quoted). A superseding indictment was filed months later. We discern

3

450 F. App'x 151, 152 (3d Cir. 2011).  Given the very excerpt of Sanabrian's testimony attached to Aldea's motion, we fail to see how the grand jury records if disclosed would disconnect Aldea from the 300-kilogram shipment (and he does not argue that they would) and reveal a fatal defect in an indictment charging conspiracy to distribute more than "five" kilograms of cocaine.  Cf. United States v. Wander, 601 F.2d 1251, 1259 (3d Cir. 1979) (describing anatomy of a proper conspiracy count in an indictment).[5]

The judgment of the District Court will be summarily affirmed.  To the extent Aldea's filing in support of his appeal may be construed as a serial motion under Rule 6(e), it is denied.

---

no dissimilarities among the two charging instruments that are pertinent to this appeal.
[5] Aldea, as a co-conspirator, could have legitimately been credited with the entire amount of the drugs in the 351-kilogram shipment (in addition to the 300-kilogram shipment), even without direct participation in that particular transaction.  Cf. United States v. Perez, 280 F.3d 318, 352-54 (3d Cir. 2002); United States v. Collado, 975 F.2d 985, 992 (3d Cir. 1992).  We note that, for sentencing purposes, the District Court found that Aldea conspired to distribute more than 150 kilograms of cocaine.